ZANGERLE ET AL. *v.* THE STATE, EX REL. HEALD.

*Taxation—Real property valuations—Quadrennial duplicate of 1910 —Adoption and use in 1914 and 1915—Under Warnes law (103 O. L., 786)—Subsequent adoption and use in 1916—Under Parrett-Whittemore law (106 O. L., 246).*

(No. 15391—Decided September 2, 1916.)

ERROR to the Court of Appeals of Cuyahoga county.

*Mr. Cyrus Locher,* prosecuting attorney, and *Mr. Frederick W. Green,* assistant prosecuting attorney, for plaintiffs in error.

*Messrs. David & Heald,* for defendant in error.

BY THE COURT. The relator, John C. Heald, as a citizen, taxpayer and owner of real estate in the city of Cleveland, on August 17, 1916, brought an action in the court of common pleas of Cuyahoga county to enjoin John A. Zangerle, one of the plaintiffs in error, as auditor of that county, from placing upon the tax duplicate of Cuyahoga county for the year 1916 any valuations of real estate fixed by the assessors in 1910, or by the district assessors in 1914 and 1915, or by the assessors, assistant assessors and county auditor in 1916, and to enjoin him from certifying any duplicate containing such valuations to the county treasurer, and further, to enjoin P. C. O'Brien, one of the plaintiffs in error, as treasurer of said county, from collecting any taxes upon said valuation.

In 1910 all the real property in Ohio was valued for taxation under a law then in force providing for a valuation in that year and every fourth year thereafter. That law was repealed by the act of April 18, 1913 (103 Ohio Laws, 786), known as the Warnes law, which provided for annual valuations of all real and personal property. The Warnes law was repealed by the act of May 7, 1915 (106 Ohio Laws, 246), which, it is claimed, provided for the annual valuation of all real and personal property. It was alleged in the petition that the provisions of the Warnes law were not complied with in the years 1914 or 1915, in that no complete valuation of real property was made either in the city of Cleveland, the county of Cuyahoga, or the state of Ohio, only a small part of the real property in said city, in the county outside of the city, and in the state outside of said county, being so valued for taxation in the years 1914 and 1915. It was alleged further that the provisions of the Parrett-Whittemore law were not complied with, because only a small portion of the real estate in the city of Cleveland, no part of the real estate in the county outside of the city, and only a small portion of the real property in the state outside of said county, was valued for taxation in 1916.

It appears, however, from the petition that the district assessors provided for under the Warnes law adopted the valuations of the real property made in 1910, except as to a small part of the real estate, and that the county auditor in 1916 was attempting to place upon the tax duplicate for that year the values fixed by the assessors in the year

1910, except so far as the real property was valued for taxation by the district assessors in 1914 and 1915, and by the assessors, assistant assessors and county auditor in 1916. The relator predicated his right to an injunction upon the ground that the valuations fixed by the assessors in the year 1910 were without legal force and effect after the year 1913, and that the valuations fixed by the district assessors in the years 1914 and 1915, and by the assessors, assistant assessors and county auditor in the year 1916, were also without legal force and effect, because the real property so valued constituted only a small part of the aggregate real property in the city of Cleveland, in the county of Cuyahoga, and in the state of Ohio. A demurrer to the petition was overruled by the court of common pleas and by the court of appeals on appeal, and the relief asked for by the relator was granted.

The only question presented here is whether the duplicate of 1916, as made up by the county auditor, is a legal one. The duplicate containing the valuations made in 1910 was in existence when the Warnes law became effective and the valuations of the real estate as shown by that duplicate were adopted and used in the years 1914 and 1915, except in so far as a part of the real property was valued in those years, and the duplicate of those years met the requirements of the Warnes law. In 1916, when the Parrett-Whittemore law became effective, the duplicate of 1915 was in existence and we can see no legal objection to the adoption of the valuations shown by it as the valua-

tions of the real property for the duplicate of 1916. The taxing officials in pursuing the course they did in making up the tax duplicate for 1916 complied, we think, with the requirements of the Parrett-Whittemore law. The demurrer to the petition should have been sustained.

*Judgment reversed.*

NICHOLS, C. J., JOHNSON, DONAHUE, NEWMAN and MATTHIAS, JJ., concur.

WANAMAKER and JONES, JJ., not participating.