JONES, P. J.
This ease was first presented on demurrer to the amended petition as finally amended in this court. It is an action brought by the owner of certain real estate in the village of Clifton Heights seeking to enjoin the collection of excessive taxes upon such real estate. -
The amended petition contains allegations setting out the method by which the tax duplicate of Cuyahoga county was made up by the taxing officers, wherein, it is claimed, the tax valuations made in 1910 and in 1914 and 1915 were in part used, together with certain reassessments of new valuations made in 1910, to make up the duplicate for the year 1916.
*376 So far as objection is made to the power of the taxing officials to adopt the valuations used in previous years, no matter how made, where they find them to be proper, instead of making different and new valuations entirely independent of and without regard to any former valuations, the matter is res adjjudicata. The Supreme Court has spoken in the case of Zangerle v. State, 94 Ohio St. 453 [115 N. E. 1012]. Defendants claim this case entirely disposes of the case at bar for the reason that it involved the legality of the tax duplicate of 1916 upon which the valuations herein complained of are found.
The only question raised in that case was whether tax valuations of previous years, whatever the legal standing of the officers by which they were made, could be considered and adopted as the valuations of the tax officers engaged in making the tax duplicate of 1916, or whether these officers were not bound to disregard such previous valuations entirely and to list and value for taxation all real and personal property subject to taxation in the county constituting their assessment districts in accordance with the requirements of the statute. A consideration of the record and report of that case shows that it involves only the question of method, and that no question of results obtained or of want of uniformity in valuations was raised, or considered by the court.
The amended petition in this case, however, in addition to its objections as to method, charges in substance that while the district assessors assessed the real estate of plaintiff and the other lands in Cleveland Heights at their true value in money, all other lands of the county and state were valued at not to exceed fifty per cent of their true value which were their valuations on the duplicate of 1910; that while the real estate of plaintiff had increased in value between the years 1910 and 1916, the value of all other lands in the county and state had likewise improved in the same proportion, and to value part on one basis and part on the other was to create unjust discrimination. This gross discrimination in valuations is alleged to have been intentionally made by the assessors and eounty auditor, with full knowledge of the lack of uniformity in valuations, as a result of a determined plan on their part, and pursuant to a general agreement *377 between the county auditors of the state that the valuations of 1910 would otherwise be continued throughout the state. While no malice is charged against the auditor or assessors, or any desire on their part to injure or defraud plaintiff, it is claimed that in law such intentional action on their part worked an unlawful discrimination and operated as a fraud upon the rights of plaintiff. It is claimed that no provision is made by statute for * redress against such inequalities other than an appeal to the courts such as is made in this case.
This action is brought under authority of Sec. 12075 G. C. Systems of taxation usually provide for an appeal from the tax assessors to some board vested with powers of equalization. In the so-called Parrett-Whittemore law (106 O. L. 246 and 433), provision was made for such a board in the board of revision. The powers of this board were, however, limited to valuations made in a current year in State v. Coffinberry, 94 Ohio St. 451 [115 N. E. 1005] ; and the board was found to be an illegal body without power, in State v. O’Brien, 95 Ohio St. 166, where certain sections of the Parrett-Whittemore law were declared invalid. In the absence of a statutory board of equalization, an appeal to the court remains as plaintiff’s only remedy. Zangarle v. Thompson, 95 Ohio St. 262 [116 N. E. 41].
The Supreme Court in the early case of Exchange Bank v. Hines, 3 Ohio St. 1, interpreted Article 12, Sec. 2, of the constitution, at page 15, as follows:
“What is meant by the words, ‘taxing by a uniform rule’? And to what is the rule applied by the constitution? No language in'the constitution, perhaps, is more important than this; and to accomplish the beneficial purposes intended, it is essential that they should be truly interpreted, and correctly applied. ‘Taxing’ is required to be ‘by a uniform rule’; that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity, not only in the rate of taxation, but also uniformity in the mode of the assessment upon the taxable valuation. Uniformity in taxing, implies equality in the burden of taxation; and this equality of burden can not exist without uniformity in the mode of the aseassraeots as wall as in the rate of taxation. But this is not all. The uniformity must' be co *378 extensive with the territory to which it applies. If a state tax, it must be uniform all over the state; if a county, town or city tax, it must be uniform throughout the extent of the territory to which it is applicable."
This construction has been uniformly adhered to in later cases. Hill v. Higdon, 5 Ohio St. 243, 246 [67 Am. Dec. 289]; Zanesville v. Richards, 5 Ohio St. 589; Wasson v. Wayne Co. (Comrs.) 49 Ohio St. 622, 635 [32 N. E. 472; 17 L. R. A. 795]; State v. Jones, 51 Ohio St. 492, 505 [37 N. E. 945].
Probably the case most frequently cited as an illustration of the relief granted by a court where a settled rule or system of making valuations of property has been followed, which results in a gross discrimination, in disregard of this rule of uniformity, is Cummings v. National Bank, 101 U. S. 153 [25 L. Ed. 903]. This case originated in Ohio and the opinion of the court fully discusses the Ohio law, and in it. is found the language above quoted from Exchange Bank v. Hines, supra. The facts are applicable to the instant case, clauses 3 and 4 of the syllabus being as follows:
“8. That when a rule or system of valuation for purposes of taxation is adopted by those whose duty it is to make the assessment, which is intended to operate unequally, in violation of the fundamental principles of the constitution, and when this principle is applied not solely to one individual, but to a large class of individuals or corporations, equity may properly interfere to restrain the operation of the unconstitutional exercise of power.
“4. That the appropriate mode of relief in such cases is, upon payment of the amount of the tax which is equal to that assessed on other property, to enjoin the collection of the illegal excess."
Other cases of improper discrimination are found in Raymond v. Chicago Trac. Co. 207 U. S. 20 [28 Sup. Ct. 7], and Johnson v. Wells Fargo Co. 239 U. S. 234 [36 Sup. Ct. 62].
A recent case on this question of discrimination in value is Greene v. Louisville & I. Ry. 244 U. S. 499 [37 Sup. Ct. 673]. On pages 515 and 516 the court uses the following language:
“It is equally plain that it makes no difference what basis *379 of valuation. — that is, what percentage of full vafee — may be adopted, provided it be applied to all alike. The adoption of full value has no different effect in distributing the burden than would be gained by adopting 75 per cent, or 50 per cent, or even 10 per cent, as the basis — so long as either was applied uniformly. The only difference would be that, supposing the requirements of the treasury remained constant, the rate of taxation would have to be increased as the percentage of valuation was reduced. * * * Therefore, the principal if not the sole reason for adopting ‘fair cash value’ as the standard for valuations, is as a convenient means to an end — the end being equal taxation. But if the standard be systematically departed from with respect to certain classes of property, while applied as to other property, it does not serve but frustrates the very object it was designed to accomplish. It follows that the duty to assess at full value can not be supreme in all cases, but must yield where necessary to avoid defeating its own purpose.”
This case also quotes at some length (pp. 516, 517 and 518) from Taylor v. Louisville & N. Ry. 88 Fed. 350, in which the opinion was rendered by Judge Taft by whom the question is fully discussed. On page 374 of this opinion the following language is pertinent here:
“If any board which is an essential part of the taxing system intentionally, and therefore fraudulently, violates the law, by uniformly undervaluing certain classes of property, the assessment by other boards of other classes of property at the full value, though a literal compliance with the law, makes the whole assessment, considered as one judgment, a fraud upon the fully assessed property. And this is true although the particular board assessing the complainant’s property may have been wholly free from fault or fraud or intentional discrimination.”
But it is said that our own Supreme Court has declined to follow the federal court in these eases, and counsel rely upon Wagoner v. Loomis, 37 Ohio St. 571. It is true the court in that ease failed to grant relief from what it found to be “gross, if not scandalous inequality” between the burden of taxation upon bank shares and upon other property. But it held that the record did not disclose but that this inequality might have re- *380 suited from incapacity in the taxing officers. It distinctly declined to inquire (p. 582) whether relief might be given.
“in case of fraudulent conspiracy, or combination or rule adopted by those whose duty it is to fix the taxable -values of property, for the purpose of imposing upon some property, or class of property, more than its just share of the public burdens,”
and expressly found
“No such combination or rule of action is shown in the case before us.”
For that reason only it distinguished Cummings v. Bank, supra, and Pelton v. Bank, 101 U. S. 143 [25 L. Ed. 901], and further said:
“But even in such cases, equity will not afford relief to a complainant who can not show that the burden imposed on him is greater than it would have been, if the laws had been faithfully executed, by taxing all property by a uniform rule, and according to its true value in money; and also, that the tribunals provided in the system of taxation, for redress against inequalities, had been appealed to in vain. ’ ’
Counsel for defendant claims that the relief sought by plaintiff is “directly in the teeth” of the decision in this case, and a cursory 'reading of the syllabus might so indicate. But when considered with the facts as set out by the court, it is found that the federal cases above set out, relied upon by plaintiff, are not inconsistent with the law of Wagoner v. Loomis, supra. Clauses 3, 4 and 5 of its syllabus are as follows:
“3. Inequalities in the valuations, made under a valid law, of property for taxation, do not constitute grounds for enjoining the tax, in the absence of fraudulent discriminations by the agents and officers charged by the law with the duty of making such valuations.
“4. Even in such case equity will not relieve a taxpayer whose property is not assessed in a greater amount than would have been imposed upon it, in case all the taxable property of the state had in fact been assessed, by a uniform rule and according to its true value in money.
“5. A petition for such injunction, which shows that the *381 plaintiff’s property ivas valued only at 80 per cent of its true value in money, while other property in the county was valued at only 40 per cent of its value, and avers that such valuations were unequal, unjust and illegal, does not state sufficient facts.”
In “3” observe the words “in the absence of fraudulent discriminations.” Such discriminations are charged in the instant case. Under “4” there must be a showing of assessment to “a greater amount than would have been imposed,” etc. Such a showing is alleged here. Under “5” the facts alleged appear insufficient because as stated in the opinion (page 582) the discrimination is not alleged to be the result of a “ fraudulent conspiracy or combination, or rule,” etc. Plaintiff’s petition contains such allegations.
McCurdy v. Prugh, 59 Ohio St. 465 [55 N. E. 154], is also relied upon by defendants. The principle is thus stated in clause 2 of the syllabus:
“’Where property has been valued for taxation and taxed at its true value in money it is no defense against the payment of such tax that all other property within the state, through the mistaken or imperfect judgment of the taxing officers and equalizing boards, has been valued for taxation materially below its true value in money.”
It will be noted that this case denies relief where the discrimination complained of arises through the mistaken or imperfect judgment of the taxing officers and boards.
Among the state cases cited by counsel for plaintiff which support his petition are: Chicago, B. & Q. Ry. v. Atchison Co. (Comrs.) 54 Kan. 781 [39 Pac. 1039] ; Citizens Nat. Bank v. Lyon Co. (Comrs.) 83 Kan. 376 [111 Pac. 496] Lively v. Missouri K. & T. Ry. 102 Tex. 545 [120 S. W. 852]; Randall v. Bridgeport, 63 Conn. 321, 323 [28 Atl. 523] ; Ute Creek Ranch Co. v. McBride, 20 New Mexico 377 [150 Pac. 52]; First Nat. Bank v. Christensen, 39 Utah 568 [118 Pac. 778]; People v. Woodbury, 133 N. Y. Supp. 137 [74 Misc. Rep. 130].
No case has been cited which denied relief from gross inequality in valuation for taxes because of the fact that the property upon which relief has been sought has not been valued beyond its true value in money where it is clearly shown that more *382 than its just share of the burdens of public taxation has been imposed through the operation of an unjust and unconstitutional law, or by deliberate and intentional disregard of proper laws by the officials charged with their execution.
The fact that plaintiff in his amended petition admits that his real estate was assessed at its true value in money is not a sufficient reason for denial of relief when the other allegations of the petition are considered. The primary purpose of requiring taxes to be levied according to the true value of property is to secure the “uniform rule” which the constitution imposes. It is no answer to a complaint that property has not been taxed by the required uniform rule to say that the property for which relief is sought is not listed beyond its true value in money where it appears that the requirement of uniformity has been intentionally violated by listing all other property at less than its true value. This matter has been so clearly and fully discussed in the cases cited above (especially in the opinion of Judge Taft in 88 Fed.), that it is only necessary to refer to them.
The demurrer to the amended petition is overruled.
The case proceeded to be heard upon the pleadings and the evidence.
In the amendment to defendant’s answer res ad judicata is pleaded, relying on the case of Zangerle v. State, supra, which has been previously discussed. The answer also pleads payment of taxes by plaintiff on the same valuation in 1915, as an estoppel. This plea can not be allowed, as plaintiff is not seeking to recover any part of the 1915 taxes so paid, and such payment would not prevent him in any way from criticizing the duplicate of 1916. The answer, outside of certain admissions, contains a general denial, and therefore an issue of fact is raised.
While a careful consideration of the evidence leads the court to believe that great inequalities appear in the tax valuations of the county which would not exist if all the provisions of the law had been fully observed, yet we are unable to find that the allegations of the petition have been so proved, by clear and eon *383 vincing evidence to the satisfaction of the court, as to require the relief sought.
Judgment must therefore be entered for defendant.
Gorman and Hamilton, JJ., concur.