No. 46,116

PANHANDLE EASTERN PIPE LINE COMPANY, a Corporation, *Appellant,* v. GEORGE TIEPERMAN, County Treasurer of Edwards County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS, STATE OF KANSAS; MAE E. TAYLOR, County Clerk of Edwards County, Kansas; RONALD F. DWYER, Director of Property Valuation of the State of Kansas; STATE BOARD OF TAX APPEALS OF KANSAS; STATE BOARD OF EQUALIZATION OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, EUGENE E. LEE, and WILLIAM D. ANDERSON, JR., members of the State Board of Tax Appeals and the State Board of Equalization of Kansas; and JOHN E. ROYSTON, Attorney and Secretary of the State Board of Tax Appeals and the State Board of Equalization of Kansas, *Appellees.*

No. 46,144

NORTHERN NATURAL GAS COMPANY, a Corporation, *Appellant,* v. THELMA FIALA, County Treasurer of Rush County, Kansas; EVELYN BUSSART, County Clerk, ex officio County Assessor, and Clerk of the Board of County Commissioners, Rush County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF RUSH COUNTY, KANSAS; RUBEN ROMEISER, THOMAS URBAN and JOHN B. KOBER, members of the Board of County Commissioners of Rush County, Kansas; RONALD F. DWYER, State Director of the Property Valuation Department of the State of Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, ROBERT C. GEER, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., members of the State Board of Tax Appeals and the State Board of Equalization of the State of Kansas, *Appellees.*

No. 46,145

NORTHERN NATURAL GAS COMPANY, a Corporation, *Appellant,* v. GEORGE TIEPERMAN, County Treasurer of Edwards County, Kansas; MAE E. TAYLOR, County Clerk, *ex officio* County Assessor, and Clerk of the Board of County Commissioners, Edwards County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF EDWARDS COUNTY, KANSAS; ELLRA WELSCH, JACK MILLER and HARRY KERNS, members of the Board of County Commissioners of Edwards County, Kansas; RONALD F. DWYER, State Director of the Property Valuation Department of the State of Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, ROBERT C. GEER, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., members of the State Board of Tax Appeals and the State Board of Equalization of the State of Kansas, *Appellees.*

No. 46,151

NORTHERN NATURAL GAS COMPANY, a Corporation, *Appellant,* v. RUTH ARNOLD, County Treasurer of Ness County, Kansas; MARY McCOY, County clerk, *ex officio* County Assessor, and Clerk of the Board of County Commissioners, Ness County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF NESS COUNTY KANSAS; FRANCIS PAVLU, GEORGE COPELAND and H. T. CLYNE, members of the Board of County Commissioners of Ness County, Kansas; RONALD F. DWYER, State Director of the Property Valuation Department of the State of Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, ROBERT C. GEER, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., members of the State Board of Tax Appeals and the State Board of Equalization of the State of Kansas, *Appellees.*

No. 46,152

NORTHERN NATURAL GAS COMPANY, a Corporation, *Appellant,* v. HELEN MILLOWAY, County Treasurer of Pawnee County, Kansas; RONALD YOUNG, County Clerk of Pawnee County, Kansas, County Assessor of Pawnee County, Kansas, and Clerk of the Board of County Commissioners of Pawnee County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, KANSAS; J. RUSSELL DIPMAN, HOWARD THOMPSON and EDGAR CLARK, members of the Board of County Commissioners of Pawnee County, Kansas; RONALD F. DWYER, State Director of the Property Valuation Department of the State of Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., members of the State Board of Tax Appeals and the State Board of Equalization of the State of Kansas, *Appellees.*

No. 46,163

NORTHERN NATURAL GAS COMPANY, a Corporation, *Appellant,* v. JESSIE MAE LING, County Treasurer of Hodgeman County, Kansas; LELAND CROUSE, County Clerk, *ex officio* County Assessor, and Clerk of the Board of County Commissioners, Hodgeman County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF HODGEMAN COUNTY, KANSAS; JAMES SOREM, LEA V. BURKE and VERNON V. SCHRAEDER, members of the Board of County Commissioners of Hodgeman County, Kansas; RONALD F. DWYER, State Director of the Property Valuation Department of the State of Kansas; THE STATE BOARD OF TAX APPEALS OF THE STATE OF KANSAS; THE STATE BOARD OF EQUALIZATION OF THE STATE OF KANSAS; and CHARLES B. JOSEPH, RALPH McCARTY, ROBERT C. GEER, EUGENE E.

Lee and William D. Anderson, Jr., members of the State Board of Tax Appeals and the State Board of Equalization of the State of Kansas, *Appellees.*

(491 P. 2d 959)

Opinion filed December 11, 1971.

*John S. Seeber,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause, and *C. A. Conoley,* of Kansas City, Missouri, was with him on the brief for the appellant in appeal No. 46,116. *F. Vinson Roach* and *Frank J. Duffy,* of Omaha, Nebraska, and *Mark H. Adams, II,* of Adams, Jones, Robinson and Manka, of Wichita, were on the briefs for the appellant in appeal Nos. 46,144, 46,145, 46,151, 46,152 and 46,163.

*Matthew J. Dowd,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general, *Clarence J. Malone,* chief attorney for the Property Valuation Department and *John E. Royston,* attorney for the State Board of Tax Appeals, were with him on the briefs in all cases for the appellees. *J. Byron Meeks,* Edwards County Attorney, was with him on the brief for appellees in appeal Nos. 46,116 and 46,145; *Ivan D. Krug,* Rush County Attorney, was with him on the brief for appellees in appeal No. 46,144; *Thomas L. Fiegel,* Ness County Attorney, was with him on the brief for appellees in appeal No. 46,151; *Louis James,* Pawnee County Attorney, was with him on the brief for appellees in appeal No. 46,152, and *Walter F. Stueckemann,* Hodgeman County Attorney, was with him on the brief for appellees in appeal No. 46,163.

The opinion of the court was delivered by

FROMME, J.: These six appeals involve one question. Are the board of county commissioners and the county clerk proper parties defendant in a tax protest action filed under K. S. A. 1971 Supp. 79-2005.

It was stipulated by all parties that our decision herein would control and dispose of all six of these appeals. The pleadings filed in all cases were substantially the same.

A petition was filed and service was obtained on all defendants. The petition demanded the return of ad valorem taxes collected by the county. It was alleged that the taxes were illegally levied against plaintiff's property in the county, that payment was made to the county treasurer under protest and that said taxes should be refunded. The county treasurer and other state and county officials were made parties defendant in the action. The board of county commissioners and the county clerk then filed a motion to dismiss the action as to them for the reason they were not indispensable, necessary or proper parties defendant.

In each of these six actions this motion to dismiss was sustained by the trial court and the plaintiffs have appealed.

Subsequent to the trial court's ruling on the questions this court held the board of county commissioners and the county clerk, as county officers having governmental functions on the county level, are at least proper parties defendant in a tax protest action filed under K. S. A. 79-2005 to recover taxes paid to the county treasurer.

That decision made in *Northern Natural Gas Company v. Bender,* 208 Kan. 135, 490 P. 2d 399, is determinative of these six appeals.

This opinion might well end here but we would like to clear up a misunderstanding which apparently arose from our opinion in *Sebits v. Jones,* 202 Kan. 435, 449 P. 2d 551. In *Sebits* the trial court denied recovery of taxes paid under protest to the county treasurer. After reviewing the record on appeal this court affirmed the judgment of the district court. In the course of the opinion certain alleged trial errors were disposed of by this court. The appellant claimed reversible error by reason of an order of the trial court dismissing certain school districts, townships and a hospital district from the action. This court, after examining the record including the petition in the action, held that they were neither necessary nor indispensable parties and that the action

encompassed by the petition could proceed to a final adjudication of plaintiff's claim without their presence. (For definition of proper, of necessary and of indispensable parties see *Cities Service Oil Co. v. Kronewitter,* 199 Kan. 228, Syl. ¶ 1, 428 P. 2d 804.)

In the course of the discussion in *Sebits* at page 437 it was inadvertently stated that school districts, townships and hospital districts may be proper parties to such an action *if they desire to participate.* This has been misconstrued to indicate that a proper party to an action not desiring to participate in the defense might be dismissed from the action on his own motion. This is not the law. One who is a proper party to an action must remain in the action whether he desires to participate in the defense or not and any valid judgment is binding upon him.

A party who has been properly joined as a defendant in an action may gain his dismissal only by showing as a matter of law, no genuine issue of material fact being in dispute, the plaintiff is entitled to no relief as to him.

This rule was applied in *Rush v. Concrete Materials & Construction Co.,* 172 Kan. 70, 238 P. 2d 704. In the *Rush* case an action was filed to enjoin a nuisance. Officers of two corporations were charged with maintaining the nuisance. They demanded a dismissal on the ground the petition failed to state a cause of action as to them. Dismissal was denied and the denial was affirmed by this court. The court said:

". . . Although there be sound ground for holding Mowbry and Johnson were necessary parties, and less ground for holding Homer a necessary party, we need not so decide for it seems rather clear they were at least proper parties and that the trial court so concluded." (p. 74.)

In *Atella v. General Electric Company,* 21 F. R. D. 372 (R. I. 1957), the federal court after quoting Rule 20, which is the counterpart of K. S. A. 60-220 relating to permissible joinder of parties, concluded:

". . . One who has been properly joined as a defendant may gain his dismissal only by showing that as a matter of law, no genuine issue of material fact being present, the plaintiff is not entitled to recover from him. . . ." (p. 375.)

K. S. A. 60-220 (*a*) in pertinent part reads:

". . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be

interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

We conclude under the authority of *Northern Natural Gas Company v. Bender*, supra, that these boards of county commissioners and these county clerks are at least proper parties defendant. The orders dismissing them from the actions are reversed and the cases are remanded for further proceedings in the courts below.

O'CONNOR and PRAGER, JJ., not participating.