No. 46,138

PANHANDLE EASTERN PIPE LINE CO., a Corporation, *Appellant,* v. LETHA E. JONES, County Treasurer of Kingman County, Kansas, et al., *Appellees.*

No. 46,141

PANHANDLE EASTERN PIPE LINE CO., a Corporation, *Appellant,* v. VIVIAN GRIGSBY, County Treasurer of Pratt County, Kansas, et al., *Appellees.*

No. 46,142

PANHANDLE EASTERN PIPE LINE CO., a Corporation, *Appellant,* v. MARGUERITE ELLIS, County Treasurer of Harper County, Kansas, et al., *Appellees.*

No. 46,143

PANHANDLE EASTERN PIPE LINE CO., a Corporation, *Appellant,* v. DOROTHY WILSON, County Treasurer of Barber County, Kansas, et al., *Appellees.*

(491 P. 2d 945)

Opinion filed December 11, 1971.

*John S. Seeber,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause, and *C. A. Conoley,* of Kansas City, Missouri, was with him on the brief for the appellant.

*Matthew J. Dowd,* Assistant Attorney General, argued the cause, and *Vern Miller,* Attorney General, *Robert S. Wunsch,* Kingman County Attorney, *John V. Black,* Pratt County Attorney, *Carl A. Fleming,* Harper County Attorney, *Thomas L. McGuire,* Barber County Attorney, *Clarence J. Malone,* Chief Attorney, Property Valuation Department, and *John E. Royston,* Attorney and Secretary, State Board of Tax Appeals, were with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: These four appeals from the district courts of

Kingman, Pratt, Harper and Barber Counties involve only one question. That question is whether or not the board of county commissioners and the county clerk are proper parties defendant in a tax protest action filed by Panhandle Eastern Pipe Line Company (plaintiff-appellant) pursuant to K. S. A. (now K. S. A. 1971 Supp.) 79-2005.

The parties were permitted to consolidate these cases with the understanding that the decision in one case would control the decision in the other cases.

A petition was filed and service was obtained on all the defendants demanding the return of ad valorem taxes collected by the county. Appellant alleged the taxes were illegally levied against plaintiff's property in the county, that payment was made to the county treasurer under protest, and that said taxes should be refunded. Appellant made the county treasurer and various other state and county officials parties defendant in the action. Thereafter, the board of county commissioners and the county clerk filed a motion to dismiss the action as to them for the reason they were not indispensable, necessary or proper parties defendant. The trial court sustained this motion to dismiss in each of these four actions and plaintiff has appealed to this court.

Our decision in *Northern Natural Gas Co. v. Bender*, 208 Kan. 135, 490 P. 2d 399, and cited as being determinative in *Panhandle Eastern Pipe Line Co. v. Tieperman*, 208 Kan. 252, 491 P. 2d 959, is controlling. In that case, heard subsequently to the trial court's ruling on the question, this court held that the board of county commissioners and the county clerk, being county officers having governmental functions on the county level, are at the very least proper parties defendant in a tax protest action filed under K. S. A. (now K. S. A. 1971 Supp.) 79-2005. The question presented herein is identical with the question presented and determined in *Panhandle Eastern Pipe Line Co. v. Tieperman*, supra, and we adhere to our determination therein.

The orders dismissing the boards of county commissioners and the county clerks from these actions are reversed and the cases are remanded for proceedings consistent herewith.

O'CONNOR and PRAGER, JJ., not participating.