DAVID S. GILMORE, *et al.*, v. I. D. FOX, *et al.*

1. PARTIES; *Enjoining Illegal Taxes; Who need not be Joined as Co-Plaintiffs.* Under the statutes of this state any one or more of a number of persons whose property is affected by an illegal tax or assessment, may maintain an action to enjoin the collection of such tax or assessment so far as the same affects his or their property, without joining others as co-plaintiffs whose property may also be affected by the said illegal tax or assessment.

2. ———— *Defect of Parties Defendant.* Where street improvements have been made in a city of the second class, and the city has levied an assessment on the abutting lots to pay for the same, and where the abutting lot-owners have commenced an action to restrain the collection of said assessment, said city is a necessary party to the action.

3. ANSWER; PLEADING; *Insufficient Defense.* In an action by the abutting lot-owners to enjoin the collection of an assessment for street improvements which is alleged to have been made without any authority whatever, an answer which sets forth that the plaintiffs had full knowledge of the commencement and progress of the work, that they made no objection thereto, but at all times openly encouraged the same, but does not set forth that the work was done under any kind of authority whatever, or that any person ever intended or expected or even suspected that the cost of the work would be charged against the abutting lot-owners, does not state facts sufficient to constitute a defense to the plaintiffs' action.

### *Error from Lyon District Court.*

THE action below was brought by *I. D. Fox, Elizabeth Storrs, Ella Storrs, I. E. Perley, Harriet N. Davis, Mildred Fuller, Evan Davis, John Wood, T. J. Anderson, James K. Patterson, Moses H. Bates,* and *Elizabeth Trask,* as plaintiffs, against *Gilmore* as county clerk, and *Spicer* as county treasurer, of Lyon county, to enjoin the collection of certain assessments made by the city council of the city of Emporia for the payment of constructing a sidewalk in said city in front of plaintiffs' lots. The petition is almost a transcript of that filed against the same defendants in *Gilmore v. Norton,* ante, p. 491. Like motions and demurrers were filed, and like proceedings had in this case, as in that, except that the demurrer to the petition assigned some additional grounds of objection. Said demurrer is copied in full in the opinion.

The demurrer being overruled, the defendants answered, setting up three defenses, one of which is as follows:

"III. And for a third and further defense to said plaintiffs' petition said defendants say that the said plaintiffs and each of them were well aware of the commencement and progress of the said work of building said sidewalks; that they made no objection thereto in anywise, nor expressed any dissatisfaction on account of the doing of said work, but at all times openly encouraged the same; and that said work was commenced on or about April 1st 1871, and completed on or about Nov. 1st 1871."

The action was tried at the March Term 1872. The district court found the issues in favor of the plaintiffs, and rendered a decree perpetually enjoining the collection of the assessments complained of. New trial refused, and the defendants bring the case here for review. [The briefs filed in this case differ little from the briefs in the preceding case of *Gilmore v. Norton*, and are therefore omitted.]

*Buck & Cunningham*, for plaintiffs in error.

*Ruggles & Plumb*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On the 31st of October 1871 the plaintiffs in the court below, (defendants here,) commenced their action against Gilmore and Spicer as county clerk and county treasurer of Lyon county to enjoin and restrain the collection of certain assessments levied on the plaintiffs' lots in the city of Emporia, a city of the second class, by the city council of said city. The petition sets forth the same facts, and the same grounds for an injunction as the petition of Norton and others against the same defendants, and the proceedings in the court below in many respects were the same as in that case. (*Gilmore, et al., v. Norton, et al.*, ante pp. 491, 501.) And as many of the questions involved in this case have already been decided in said case of *Gilmore v. Norton*, we shall discuss only such of the questions involved in this case as were not involved in that. In this case the defendants

below demurred to the plaintiffs' petition on the following grounds: 1st, That there was another action pending between the same parties for the same cause; 2d, That there was a defect of parties plaintiff; 3d, That there was a defect of parties defendant; 4th, That several causes of action were improperly joined; 5th, That the petition did not state facts sufficient to constitute a cause of action. The plaintiffs in error (defendants below) now rely upon only the second, third and fifth grounds of demurrer. We have already considered the question raised on the fifth ground in the other case. We shall therefore now consider the questions raised on the second and third grounds only.

I. There was no defect of parties plaintiff. Under our statutes any one or more of a number of persons whose property is affected by an illegal tax or assessment, may maintain an action to enjoin the collection of such tax or assessment so far as the same affects his or their property without joining others as plaintiffs whose property may also be affected by the said illegal tax or assessment. Code, § 253; *Bridge Company v. Wyandotte Co.*, ante, 326; *Gilmore v. Norton*, ante, 491.

II. Was there a defect of parties defendant? We think there was. Gilmore, the county clerk of Lyon county, and Spicer, the county treasurer of said county, were, under the statutes, and under the allegations of the plaintiffs' petition, proper parties to the action; but still they were merely nominal parties. They could be but little affected by any judgment that might be rendered against them. It could make but little difference to them whether said taxes or assessment were collected or not. They would get no portion of the same when collected, except their fees for collecting and disbursing the same. The city of Emporia is the real party in interest. It was the city of Emporia that levied said taxes, and they will belong to the city of Emporia when collected. The city has already acknowledged its responsibility to the persons who made the improvements, and if responsible it is bound to see that they are paid for their work. If the city cannot collect these special assessments it must resort to gen-

eral taxation to raise the amount. But before it can properly be determined that the city cannot collect these special assessments the city must have its day in court. No judgment could be rendered against Gilmore and Spicer without seriously affecting and prejudicing the rights of the city of Emporia. A judgment could not be rendered against Gilmore and Spicer and the rights of the city of Emporia be at the same time saved. A judgment enjoining them from collecting the tax is virtually and substantially a judgment against the city of Emporia. The city of Emporia has no means of collecting said tax except through the agency of said Gilmore and Spicer. (Amended charter, Laws of 1871, ch. 62, §§ 17, 26, 27.) Hence the city of Emporia was a necessary party, and should have been made such. (Code, § 41; *State v. Anderson,* 5 Kas., 90.) Counsel for defendants in error state in their brief that "There is no defect of parties defendant, for it certainly could not be to the interest of the city of Emporia to have an *illegal tax* fastened upon and collected from her citizens." Of course not. But is it to be adjudged against the city of Emporia that said tax *is illegal* without giving her an opportunity to be heard on the question? Such would be strange justice. We think there was a defect of parties defendant, and therefore that the demurrer to the petition should have been sustained on that ground.

III. It is also claimed that the court below erred in sustaining the demurrer to the third defense set forth in the defendant's answer. We hardly think the court erred in this respect. Said defense stated a portion of the facts which would constitute a good defense to this kind of action, but it did not state all of them. It stated that the plaintiffs below had full knowledge of the commencement and progress of the work; that they made no objection thereto, but at all times openly encouraged the same. But it did not state that the work was done under any kind of authority whatever. Nor did it state that any person ever intended or expected or even suspected that the cost of the work would be charged against the abutting lot-owners. Every word of this defense

may be true and yet the work may have been done by voluntary contribution, or as a gratuitous act on the part of those who did it; or the persons who did it may have been paid for, doing it before they did it. The petition alleges that the work was done without any authority, and this defense does not even deny or controvert that allegation. But for the error above stated the judgment will be reversed.

All the Justices concurring.