Shearer v. Murphy.

---

ANDREW SHEARER, as Treasurer, etc., v. PATRICK MURPHY et al.

No. 12,349.    ( 66 Pac. 240.)

SYLLABUS BY THE COURT.

TAXATION — Injunction — Necessary Parties.    A board of county commissioners being a necessary party to a suit to enjoin the collection of taxes due to the county, or to the political subdivision of which it is the legal representative in matters of tax collection, a judgment in such suit rendered against the county treasurer, to

which he alone was defendant, cannot be reviewed in this court, but must be reversed for the lack of the necessary party, although no objection was made to it on that ground in the court below.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed October 5, 1901 (submitted in June). Division one. Reversed.

*George H. Wilson*, and *W. R. Cowley*, for plaintiffs in error.

*Blue & Glasse*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J,: This was an action of injunction to restrain the collection of taxes on real estate. It was brought by defendants in error against plaintiff in error, as county treasurer, and also against the city of Empire. The board of county commissioners was not made a party. Subsequently defendants in error, plaintiffs in the court below, dismissed the action as to the city, leaving it to stand against the county treasurer alone. A demurrer to the petition on the single ground of the insufficiency of the facts alleged to constitute a cause of action was filed and overruled. The defendant, the county treasurer, elected to stand on his demurrer, whereupon a judgment of permanent injunction was rendered against him. From the order overruling the demurrer and from the order of final judgment in injunction error has been prosecuted to this court. However, no objection to the judgment was made in the court below, nor objection made in any form to the defect of parties. Notwithstanding this omission, the judgment must be reversed for the lack of that necessary party defendant upon whom, to be effectual, it must operate.

The case of *Jeffries-Ba Som v. Nation*, ante, p. 247,

65 Pac. 226, was an action against the county treas-
urer and sheriff to enjoin the collection of personal-
property taxes.   It was held that the proceeding
could not be maintained, because of the lack of the
board of commissioners as a party defendant.   In
the opinion it was said, with a citation to many
authorities :

"While the treasurer and sheriff are proper parties
to the suit, yet they are mere nominal parties.   The
board of county commissioners of the county is the
real party in interest.   It has long been the settled
law of this state that a permanent injunction will not
be granted until all whose legal rights are to be
directly affected are made parties to the action."

However, in that case and perhaps in all others,
the defect of parties was specifically pointed out in
the court below by demurrer or otherwise.   In this
case it was not so done.   The objection is made for
the first time in this court.   Nevertheless, we are of
the opinion that the lack in the court below of a party
defendant so necessary to the rendition of a judgment
enjoining the collection of taxes as is the board of
county commissioners is a defect which would de-
prive a judgment of affirmance, should it be rendered,
of any operative effect, and will therefore justify us
in refusing to render such a judgment in this case,
even though the demurrer to the petition on the
ground alleged was rightly overruled.   A judgment
can operate only on the parties properly before the
court, and if an indispensable party is not before the
court so as to be bound by the judgment, it would be
as futile for a reviewing tribunal to affirm it as it was
for the trial court to render it.

To the board of county commissioners in general is
committed all of the interests of the county and many
of the interests of its political subdivisions.   The duty

to levy all county taxes and many of the taxes of such subdivisions is imposed upon that tribunal. A county is the political instrumentality through which taxes are collected and disbursed, while, as stated in *Carpenter, Treas., v. Hindman*, 32 Kan. 601, 5 Pac. 165, the treasurer "is simply the agent of the county to receive the taxes levied and pay the money received to the persons or parties entitled to it."

In *Gilmore v. Fox*, 10 Kan. 509, an injunction to restrain the county treasurer and county clerk from collecting a special assessment on town lots to pay for street improvements was asked. The city which made the assessment was not joined as defendant. The court said:

"The county clerk and county treasurer were, under the statutes, and under the allegations of the plaintiffs' petition, proper parties to the action; but still they were merely nominal parties. They could be but little affected by any judgment that might be rendered against them. It could make but little difference to them whether said taxes or assessments were collected or not. They would get no portion of the same when collected, except their fees for collecting and disbursing the same. The city of Emporia is the real party in interest. It was the city of Emporia that levied said taxes, and they will belong to the city of Emporia when collected. The city has already acknowledged its responsibility to the persons who made the improvements, and if responsible it is bound to see that they are paid for their work. If the city cannot collect these special assessments it must resort to general taxation to raise the amount. But before it can properly be determined that the city cannot collect these special assessments the city must have its day in court. No judgment could be rendered against Gilmore and Spicer without seriously affecting and prejudicing the rights of the city of Emporia. A judgment could not be rendered against Gilmore and Spicer and the rights of the city of Emporia be

Shearer v. Murphy.

at the same time saved. A judgment enjoining them from collecting the tax is virtually and substantially a judgment against the city of Emporia.''

It may be inaccurate to speak of a county treasurer as a merely nominal party to tax injunction proceedings as was done in *Gilmore v. Fox*, supra, and in *Jeffries-Ba Som v. Nation*, supra. It is quite proper to join him as a party in such actions, because he is the agent of the county or city and is charged with the duty of collecting the taxes. He is not, however, so exclusively interested in their collection that he can be made the sole defendant in an action to determine their validity.

The county or city, the political entity beneficially interested in the taxes, and therefore interested in showing them to be valid, should be made a party. Such being the case, the rule is quite plain. That rule is the one which prevailed in the equity practice before the adoption of the code and which has not been changed by the code. It was quite well stated and explained by the supreme court of Alabama, which held that ''the omission of one who is an indispensable party to the bill is a defect that will reverse the decree on appeal or writ of error, although the objection is taken for the first time in this court.'' (*McMaken et al. v. McMaken*, 18 Ala. 576.) In Oregon it was ruled:

'' While the record before us discloses the fact that there are other parties whose rights will be materially affected by a decree in this case, their name or names nowhere appear in this record, and we do not feel authorized to remand this case to the court below for the purpose of having them made parties. Nor does it matter that the parties to this suit make no objection on account of a want of parties. Where that fact appears, the court will, on its own motion,

refuse to proceed further in the case.'' (*Beasley v. Shively*, 20 Ore. 508, 26 Pac. 846.)

The demurrer to the petition is not passed on, but the judgment of the court below is reversed, with directions for such proceedings as may be properly taken.

JOHNSTON, GREENE, POLLOCK, JJ., concurring.