No. 30,062.

THE WOLF RIVER DRAINAGE DISTRICT OF ROBINSON, BROWN COUNTY, *Appellee*, v. EFFIE NIGUS, as County Treasurer of Brown County, *Defendant;* (JERE KIMMEL et al., Interveners, *Appellants*).

(3 P. 2d 650.)

Opinion filed October 10, 1931.

*Walker F. Means, Lloyd S. Miller,* both of Hiawatha, *William B. Dickinson* and *Martin B. Dickinson,* both of Kansas City, Mo., for the appellants.

*W. D. Riley,* of Leavenworth, *F. M. Pearl* and *W. E. Archer,* both of Hiawatha, for the appellee.

The opinion of the court.was delivered by

HARVEY, J.: This is an appeal by interveners, in an action for mandamus, from an order of the court granting the writ notwithstanding their answer.

The Wolf River Drainage District of Robinson, Brown county, Kansas, moved for the writ against the county treasurer, alleging that it is a corporation duly organized under our statute (R. S. 24-501 *et seq.*), and one of the governmental divisions of the state organized for public purposes, with officers, who were named, duly elected and qualified; that on August 5, 1929, its officers, proceeding in accordance with the statute, levied a general tax.of five mills on the dollar of the taxable property within the district to create a general fund; that the resolution making the levy was duly certified to the county clerk and by him entered on the tax rolls, and that the county treasurer had collected taxes thereunder, in a sum named, but had refused to credit plaintiff on her books with the taxes so collected, or to pay therefrom warrants properly drawn thereon, as was her duty under the statute. An alternative writ was issued.

The county treasurer filed her answer and return, in which she stated that under the levy made by plaintiff she had collected $4,148.27, of which $1,371.51 had been paid under protest. She listed the warrants drawn by plaintiff on this fund, none of which had been paid, and prayed that the writ be denied.

Jere Kimmel and other taxpayers of the district, alleging that they had an interest in the fund in controversy, moved to be made parties defendant and for leave to intervene and answer. This motion was granted, and they filed an answer. Plaintiff filed a motion for a peremptory writ notwithstanding the answer of the county treasurer, and a separate motion for a peremptory writ notwithstanding the answer of the interveners. These motions were

heard by the court and sustained. The interveners alone have appealed.

Plaintiff questions the right of the interveners to be heard and argues that their appeal should be dismissed for the reason that the alternative writ of mandamus imposed no duty upon them to perform any act, and for the further reason that they have an adequate remedy at law. In *State v. Dolley,* 82 Kan. 533, 108 Pac. 846, it was held:

"In mandamus it is proper to make persons defendant from whom the performance of no duty is sought, but who might be affected by the judgment."

See, also, *Livingston v. McCarthy,* 41 Kan. 20, 20 Pac. 478; *State v. Railway Co.,* 81 Kan. 430, 105 Pac. 704; *Kansas City v. Stewart,* 90 Kan. 846, 136 Pac. 241; *State, ex rel., v. Akers,* 92 Kan. 169, 172, 140 Pac. 637; *Ousley v. Osage City,* 95 Kan. 254, 147 Pac. 1110.

Perhaps the fact that the application to be made parties and to intervene and answer, and also the answer filed, alleged that three injunction suits had been brought to enjoin the collection of the taxes in question, which suits were then pending and had been in part tried, would have justified the court in refusing the application to intervene and answer. But there has been no appeal from the order of the court permitting the interveners to be made parties and to intervene and answer, if, indeed, it is an appealable order; hence we do not have this specific question before us. If the interveners were proper parties in the court below, they are, of course, entitled to appeal from a final judgment against them.

Plaintiff's motion for a peremptory writ notwithstanding the answer of the interveners is tantamount to a demurrer to the answer, hence the real question before us is whether the answer states a defense, and in determining that question we must consider as true all allegations of fact well pleaded in the answer.

Before examining the answer filed by the interveners it should be noted that it is well settled in this state that a drainage district created under the statute (R. S. 24-401 *et seq.*) in question is a quasi-municipal corporation—an arm of the state created by the legislature to perform a function of government. (See *State, ex rel., v. Kaw Valley Drainage District,* 126 Kan. 43, 267 Pac. 31, and cases cited, page 47.) It is also well settled that a private individual has no legal capacity or standing in court to question the regularity of the organization of quasi-municipal corporations in this state such as drainage districts (*Euler v. Rossville Drainage District,* 118 Kan.

363, 235 Pac. 95), school districts (*Scamahorn v. Perry*, 132 Kan. 679, 296 Pac. 347) and the like.

The interveners recognize these rules but contend that the rules should not apply when an attack is made on the lack of jurisdiction of the boards of county commissioners or organizing bodies to create any districts the creation of which would add to the burden of their taxes. On that point they rely largely on the holding of this court in *Schur v. School District*, 112 Kan. 421, 210 Pac. 1105. There an effort had been made to establish a rural high-school district. Resident taxpayers brought an action alleging facts stating a cause of action in quo warranto; also facts which stated a suit for an injunction. It was held to be no justiciable concern of private litigants that there may be an infirmity in the organization of the rural high-school district, that being a matter of which the state alone could complain, but where such infirmity likewise affects a proposed bond issue authorized simultaneously with the proceedings to organize the district, an action involving the same facts might be maintained by private litigants to enjoin an illegal bond issue and consequent tax levies.

Referring to this question, in the later case of *Scamahorn v. Perry*, 132 Kan. 679, 680, 296 Pac. 347, it was said:

"In seeking to enjoin issuance of bonds, a taxpayer may not question any step in the proceeding which affects existence of the organization, such as sufficiency of the initial petition, enumeration, notice of election, conduct of election, and result of election. The county attorney or attorney-general must do that. Accepting the fact of organization, the taxpayer may question the bond issue on grounds which would invalidate a bond issue by a legally organized district, such as invalid notice of election. This distinction was made clear in *Schur v. School District*, 112 Kan. 421, 210 Pac. 1105."

This was followed in *Shaffer v. Ford County Comm'rs*, ante, p. 256, 299 Pac. 613.

Let us now examine the answer of the interveners. Broadly speaking, it consists largely of allegations in general terms that the steps taken for the organization of the district, the making of the levy in question and having it entered on the tax rolls, are not in strict accord with the statutes relating thereto. But it is wholly lacking in allegations of fact as to such shortcomings. For example, it is alleged "that a petition for the organization of said district was never made and presented to the board of county commissioners . . . as required and provided by R. S. 24-403." It is clear from the answer as a whole that some such petition was presented to and

acted upon by the board of county commissioners. In what way was the petition so presented defective or insufficient? In what way was it not "made and presented . . . as required" by statute? The answer filed is silent as to facts constituting such faults, omissions, or defects. It is alleged in the answer that at the time of the hearing of the petition "the board of county commissioners did not first ascertain and determine whether notice had been given of the time of hearing . . . and . . . did not make declaration of, and finding of that fact, and did not cause the same to be entered upon its records," as required by R. S. 24-405. The statute does outline that course of procedure, and it should have been followed. But if the commissioners heard some of the parties before making the examination, declaration and entry, instead of hearing them afterwards, it is of no concern to these interveners. Even in quo warranto by the state, perhaps the court would regard which was done first of but little importance. It is alleged, broadly, that the description of the territory embraced in the petition is so indefinite as to make the determination of the boundaries impossible, but it further appears from the answer that the description was by sections or subdivisions of sections, according to government survey, and by metes and bounds, and by blue prints attached. No specific fact is alleged as to what constituted the indefiniteness, if any, of the description. These are matters on which the interveners predicated their claim of want of jurisdiction of the board of county commissioners to make the order organizing the district. Obviously the answer states no facts which, if established by proof, would sustain the claim of lack of such jurisdiction, and as to mere irregularities in the proceedings, the interveners cannot be heard. The answer contains other allegations which do not go to the jurisdiction of the board of county commissioners to organize the district, but since the interveners have no standing to complain of them they need not be stated.

The result is that the answer of the interveners contains no allegations of fact constituting a defense to the motion for the peremptory writ, and the judgment of the court below is affirmed.