No. 39,466

Rural High School District No. 3, Pawnee County, State of Kansas, *Appellant,* v. Anna Maye Baker, as County Treasurer of Pawnee County, Kansas, *Defendant,* Jay T. Smith, *Appellee.*

(272 P. 2d 1073)

Opinion filed July 6, 1954.

*Vincent G. Fleming,* of Larned, argued the cause and was on the briefs for the appellant.

*Harry G. Wiles,* of St. John, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action involving the disposition of taxes paid under protest in which the taxing district appeals from a judgment directing the return of the taxes paid by the protesting taxpayer.

There is no controversy respecting the preliminary events on which the disposition of the appeal depends. In a general way it may be stated that, as authorized by G. S. 1949, 79-2005, the plaintiff, Rural High School District No. 3, brought two actions in 1952 against the county treasurer of Pawnee county in the district court of that county to require her to disburse money, then in her hands as such official, which had been paid to her under protest as the result

of a tax levied and assessed against certain real estate, belonging to one Jay T. Smith, for the year 1951 on the theory the taxing situs of such real estate for that year was within the district. Case No. 8046 was brought to require the disbursement of taxes so paid on such real estate for the first half of 1951 and case No. 8067 for the last half of that year.

Neither is there dispute about what took place after the commencement of the two actions, the pleadings of which, it should be pointed out, are identical in form and differ only as to statements respecting the nature and the amount of taxes involved. Following the filing of the petition the taxpayer moved for and obtained an order allowing him to intervene in the action as a party defendant. Subsequently he filed answers to which the plaintiff replied. So far as the record discloses the defendant county treasurer made no appearance in either action.

Nor would any useful purpose be served by detailed reference to the pleadings filed by the respective parties. It suffices to say they join issue on all questions essential to a determination of the question whether the impounded money in the hands of the county treasurer should be disbursed by her for taxing purposes or refunded to the intervening defendant on the ground his property had no taxing situs in the plaintiff's district for the year 1951.

When the two actions were called for trial the district court, recognizing the issues raised by the pleadings were identical, made an order consolidating them for all purposes essential to hearing, trial and judgment. Thereupon the parties announced they had entered into a stipulation as to the facts and requested that the consolidated cases be submitted on such stipulation and upon the written briefs and arguments to be supplied by the parties. When this request was granted the cause was so submitted and judgment was ultimately rendered decreeing that the intervening defendant's real estate had no taxing situs in District No. 3 on March 1, 1951, and directing the defendant county treasurer to refund his protested taxes. This appeal followed.

Except for a decision of the State Superintendent of Public Instruction (attached to the petition) relating to a change in the boundaries of the involved district and a ruling by the State Commission of Revenue and Taxation in connection with the protested taxes paid by the appellee, referred to in the stipulation of facts, and two other matters to be presently mentioned, such stipulation

completes the existing factual picture, discloses all that was before the trial court at the time of the rendition of the judgment, and reveals all matters essential to a disposition of the appellate issues involved. For that reason it should be quoted at length. Omitting formal averments, and certain inconsequential portions thereof, it reads:

"1. Plaintiff is now and for many years has been organized as a Rural High School District in Pawnee County, Kansas, and operating a Rural High School at Zook;

"2. Defendant Anna Maye Baker is the duly elected, qualified and acting county treasurer of Pawnee County, Kansas and has no interest in the outcome of issues joined between plaintiff and the intervening defendant, Jay T. Smith, except to refund the protested tax money involved or to distribute it to plaintiff school district in accordance with the final judgment rendered herein;

"3. The defendant intervening herein, Jay T. Smith, is an owner of a part of four sections of land in Pawnee County, which prior to October 2, 1950 were within the territory of Common School District No. 31 of Pawnee County, and within the territory of plaintiff, Rural High School District No. 3 of Pawnee County.

"4. On October 2, 1950 the State Superintendent of Public Instruction, having acquired jurisdiction by an appeal, ordered said Common School District No. 31 annexed to the Macksville Common School District, Joint 7-R, Stafford and Pawnee Counties, which common school district maintains a high school;

"5. One result of the annexation of Common School District No. 31 to Macksville (Joint 7-R, Stafford and Pawnee Counties) was that the above mentioned four sections of land were thereby included in overlapping territories of a rural high school district, plaintiff herein, and a common school district maintaining a high school. This situation was noted and discussed at the time of the hearing on the appeal on October 2, 1950:

"6. The land overlapped, as above mentioned, is described as follows: (description omitted.);

"7. On February 7, 1951, the intervening defendant, Jay T. Smith, and six other residents and householders or owners of said four sections of land made application to the County Superintendents of the Counties of Stafford and Pawnee to change the boundary of plaintiff rural high school district to exclude said real estate;

"8. Said application was heard at Larned on February 27, 1951, and denied, due to failure of the two county superintendents to agree on the requested change of boundary;

"9. An appeal from said denial was heard by the State Superintendent of Public Instruction at Kinsley, Kansas, on April 25, 1951, and an order was issued by said superintendent on May 15, 1951 granting the application for change of boundary;

"10. Plaintiff rural high school district's tax levy of 6.80 mills against all property having a tax situs in the territory of plaintiff was levied against the above described four sections of land for 1951 taxes;

"11. The total school levy against the four sections of land for Macksville Joint 7-R and Zook Rural High as of March 1, 1951 was 16.01 mills. Other levies for a combination of common school and high school in Pawnee County were as follows: (Levies in districts not involved omitted.)

"12. Intervening defendant, Jay T. Smith, paid the first half of his 1951 taxes under protest, and the ruling of the State Commission of Revenue and Taxation in favor of protestant is attached to plaintiff's petition in Case No. 8046 as 'Exhibit B';

"13. Intervening defendant, Jay T. Smith, paid the last half of his 1951 taxes under protest, and the ruling of the State Commission of Revenue and Taxation in favor of protestant is attached to plaintiff's petition in Case No. 8067 as 'Exhibit B'."

With reference to matters referred to as not set forth in the foregoing stipulation it should be stated:

1. The appeal decision of the State Superintendent, mentioned in paragraph 9 of such stipulation, points out that the property attached to the Macksville district (described in paragraphs 3 and 4 of the stipulation), overlapped high school territory; that the date of the order resulting in such attachment precluded the application of tax levies for the current fiscal year against such property; that correction was suggested before the beginning of another tax year; that the present procedure was in fulfillment of that suggestion. It then states in substance that the petition of the taxpayer (for our purpose the present appellee), to change the boundaries of District No. 3 (appellant herein), by transferring the involved real estate to the Macksville high school district, filed with the county superintendents of Stafford and Pawnee counties on February 7, 1951, and heard on February 27th of that year, should have been granted by the county superintendents and therefore it was granted by the State Superintendent of Public Instruction as presented with direction to the proper school authorities to record the necessary boundary changes in their respective offices.

2. The orders of the State Commission of Revenue and Taxation, referred to in paragraphs 12 and 13 of such stipulation, are in substance to the effect that the protesting taxpayer timely filed his application with the county superintendents to remove his property from District No. 3 and that inasmuch as his application was eventually approved by the State Superintendent his property had no tax situs in District No. 3 on March 1, 1951. They also direct the county treasurer to refund the protestant all taxes here in question.

3. The parties concede the appellee's land was a part of the four sections involved in the appeal before the State Superintendent

of Public Instruction and State Commission of Revenue and Taxation, that it was taxed for high school purposes in the Macksville school district for 1951, and that all taxes levied against it that year in such district for such purposes were paid by him without protest.

4. The notice of appeal from the failure of the two county superintendents to agree on what should be done with the application referred to in paragraphs 7 and 8 of the stipulation, which brought that matter to the State Superintendent of Public Instruction for appellate review, expressly requested that the application as filed be approved and that the decision with respect thereto be made retroactive to February 27, 1951, in order that unequal, unfair and unjust taxation of the involved property be avoided.

In a general way it may be said the burden of all arguments advanced by appellant as grounds for reversal of the judgment is that for taxation purposes the transfer of the involved real estate from its district to the Macksville joint district did not become effective until May 15, 1951, the date on which the State Superintendent of Public Instruction directed that action, hence such real estate remained a part of its territory for such purposes until the last day of February, 1952, which included the tax year of 1951, under and by virtue of the provisions of G. S. 1949, 79-1807, which read:

"Any alterations, additions to, or changes in, the boundaries of any school district, municipality, or body politic of the state of Kansas, made according to law, shall take effect for taxation purposes on the last day of February following: *Provided,* That the taxes due on November 1 next preceding the date said change takes effect shall be collected and distributed as before assessed and levied."

The issues will be simplified and much time will be saved by stating, at the outset, that there is no dispute between the parties respecting the force and effect to be given the foregoing section of the statute. Each concedes, that under its terms, the tax situs of the real estate on March 1, 1951, is decisive of the lawsuit.

Specifically the first error assigned by appellant is to the effect that the State Commission of Revenue and Taxation in its orders, to which reference has heretofore been made, as well as the trial court, erroneously concluded that the appellee timely filed his application with the county superintendents to remove his property from the appellant district. In this connection appellant points out that appellee waited from October 2, 1950, until February 7, 1951,

to file his application for a transfer of his land from the appellant's district to the Macksville district, hence he did not file a timely application. Thus it appears this contention is actually founded upon the premise that in order to file a timely application for a transfer of territory appellee was required to do so under conditions which would permit an appeal to, and a decision by, the State Superintendent prior to the last day of February 1951. We are not called upon and therefore not disposed to labor questions pertaining to whose duty it was to initiate the transfer proceeding under the confronting facts and circumstances. It suffices to say that, as heretofore related, they are of such nature we have little difficulty in concluding the filing of his application was timely when it was presented in time to be heard by the two county superintendents, charged under the provisions of G. S. 1949, 72-3509 with the duty of giving it consideration, and that prior to that date any subsequent delay on appeal, occasioned by failure of such officials to render a proper decision as to the rights of the parties, does not make the petition vulnerable to the attack appellant now makes against it.

All remaining errors assigned by appellant as grounds for reversal of the judgment are predicated on the premise the trial court, which we pause to note was in conformity with the decision of the State Commission of Revenue and Taxation, erred in holding that inasmuch as appellee's application was eventually approved by the State Superintendent of Public Instruction the involved property had no tax situs in District No. 3 on March 1, 1951.

The first argument advanced on this point is that the State Superintendent's decision on appeal is not to be construed as holding the order of that official was made effective as of February 27, 1951, the date on which the two county superintendents failed to agree and/or make any order on appellee's request for the transfer of the involved real estate. The details of the findings made by such official in handing down that decision have been stated at length and need not be repeated. All that need be said respecting them is that when carefully analyzed, from the standpoint of this contention, we are convinced they not only warrant but compel a construction the decision was made effective as of that date.

Appellant's next argument on this point is that even if the State Superintendent's decision is construed as above indicated that official had no jurisdiction or authority to make an order retroactively removing property from the school district. Much could be said

on the proposition that appeals from decisions of subordinate tribunals become effective as of the date of the decision from which the appeal is taken. But we need not labor or pass upon that question. Limited strictly to the situs of property for taxation purposes, following the alteration of school territory by the official vested with that final power and authority over such matters, we believe the answer to appellant's contention on this point is to be found in our statute. Under the provisions of G. S. 1951 Supp. 72-838 (superseding G. S. 1949, 72-305, of similar import), applicable by virtue of G. S. 1949, 72-3509 to the disposition of appeals to the State Superintendent of Public Instruction from the failure of county superintendents to act on a petition to transfer territory from one rural high school to a joint school district maintaining a four-year accredited high school, the decision of such State Superintendent, when certified to the several county superintendents involved, becomes final and binding.

We are cited to and know of no decisions dealing directly with the point just determined. Nevertheless we believe our conclusion respecting it finds support in our decisions. See *Rural High-School Joint Dist. v. Pope,* 168 Kan. 45, 210 P. 2d 587, where we rejected a contention the attachment of school district territory is not complete until the appellate authority (herein involved) had rendered its decision. It would be strange indeed, if where—as here—no action is taken on a petition because of failure of two county superintendents to agree when they would have agreed, a different or inconsistent rule should prevail. In any event we refuse to subscribe to the theory, inherent in appellant's position, that action on the part of a school district resulting in the failure of such officials to act on the involved application has the result of depriving the petitioning taxpayer of rights to which he was entitled on the date of the filing of his application.

In conclusion it should perhaps be stated we find nothing in the statutory provisions heretofore mentioned, or elsewhere in our statute, indicative of an intention on the part of the legislature to subject real estate to double taxation under the confronting facts and circumstances. In that situation we feel constrained to state this court is committed to the rule that unless expressly authorized by statute, because of peculiar circumstances and conditions warranting that action, the law of this state does not contemplate that real

estate should be subjected to the payment of taxes by two separate and distinct taxing districts for the same purpose in any one year.

Other arguments advanced by appellant relating to error on the part of the district court in finding the appellee is entitled to have the protested tax money paid to him by the county treasurer of Pawnee County are all based upon the assumption the taxing situs of the involved real estate was within the appellant district on March 1, 1951. Since that issue has been determined adversely to its contentions such arguments require no further discussion or attention.

The judgment is affirmed.