V. S. Dicarlo Masonry Co., Inc., *Appellant,* v. Herman F. Higgins, Treasurer, Johnson county; George C. Russell, Clyde L. Curry, Martin J. Ziegler, County Commissioners, Johnson county; Fred Allen Hale, County Assessor, Johnson county; D. W. Harris, William G. Rowe, Ralph Myers, Harold Sechrest, Cliff Tozier, City Councilmen, City of Leawood, *Appellees.*

No. 39,745

Great Western Paint Manufacturing Corporation, *Appellant,* v. Herman F. Higgins, Treasurer, Johnson county; George C. Russell, Clyde L. Curry, Martin J. Ziegler, County Commissioners, Johnson county; Fred Allen Hale, County Assessor, Johnson county; Mrs. Frances Weaver, Carl C. Schliffke, William Phares, Jr., Ralph E. Carroll, Eugene P. Mitchell, Leo F. Brady, Jr., Philip M. Cartmell, Preston B. Tanner, City Councilmen, City of Prairie Village, *Appellees.*

No. 39,746

Fidelity and Deposit Company, *Appellant,* v. Herman F. Higgins, Treasurer, Johnson county; George C. Russell, Clyde L. Curry, Martin J. Ziegler, County Commissioners, Johnson county; Fred Allen Hale, County Assessor, Johnson county, *Appellees.*

(284 P. 2d 640)

Opinion filed June 11, 1955.

*Robert F. Bennett,* of Prairie Village, argued the cause and was on the briefs for the appellants.

*John J. Gardner,* assistant county attorney, argued the cause, and *James H.*

*Bradley,* county attorney, and *Clark Kuppinger,* of Prairie Village, were with him on the briefs for the appellees.

*Paul Hurd* and *Charles W. Davis,* both of Topeka, were on the briefs as *amicus curiae,*

The opinion of the court was delivered by

ROBB, J.: This appeal is from the judgment of the trial court in ruling on the pleadings and agreed statements of facts that the personal property involved had its tax situs and was legally taxed for the year 1953 in Johnson county, Kansas.

By way of explanation, we may state that the plaintiffs below (appellants here) were all foreign corporations. In case No. 39,744 the defendants were the treasurer, commissioners, and assessor of Johnson county, and the councilmen of the city of Leawood. In case No. 39,745 the defendants were the treasurer, commissioners, and assessor of Johnson county, and the councilmen of the city of Prairie Village. In case No. 39,746 the defendants were the treasurer, commissioners and assessor of Johnson county. All of the above defendants are appellees here. The legal question involved is common to all three appeals, which were consolidated for the purpose of appellate review.

The question arose when the assessor of Johnson county levied taxes on certain vehicles owned by appellants. To avoid penalties appellants paid, under protest, to the treasurer of Johnson county, the amounts levied, and later sought to recover the amount of taxes which had been paid in each case.

The three petitions were basically the same and, in substance, alleged the corporate capacities of appellants and set out the various appellees; the property was described as automobiles owned by appellants; these vehicles were situated in, had permanent tax situs in, were registered in and were taxed by Jackson county, Missouri; the only time the cars were in Johnson county, Kansas, was when appellants' employees drove them to their respective homes, where the cars were garaged each night and each week-end; all taxes had been paid to Jackson county, Missouri; the automobiles were used in Missouri exclusively for business; the assessor of Johnson county, Kansas, assessed the appellants and a tax was levied for the vehicles in and for Johnson county and the city of Leawood in one case, for Johnson county and the city of Prairie Village in the second case, and for Johnson county on behalf of Mission township in the last case; the year involved was 1953; in order to avoid penalties ap-

pellants paid to the treasurer of Johnson county the amount of the tax under protest; the protest was in the form of a letter in each case which set out the details, citations of statutes, and reasons for payment under protest. A copy of the above-mentioned letter was attached to the petition in each case and bore the identification of exhibit "A."

Answers in the form of general denials were filed by all appellees.

There were stipulations of fact in each case which differed only as to the names of the appellant corporation owners, the descriptions of the respective automobiles, the situs where the purported assessments were made and in the amount of taxes that were levied. The stipulations were substantially identical as to the following facts:

The property was owned by foreign corporations with their principal places of business in Kansas City, Missouri; registration, personal property taxes, and license fees for 1953 were all paid in Jackson county, Missouri; the cars were used during working hours by appellants' employees in the advancement and promotion of appellants' business; the automobiles were garaged at the residence of the various employees in Johnson county, Kansas, on March 1, 1953, to which location, with few exceptions, the automobiles were driven each evening; sometimes while the automobiles were in Missouri, they were used by other employees in the business; one was used by the wife of one of the employees to do shopping in Johnson county and in another instance, the employee's family used the car in the evenings and on week-ends; the particular employees or officers of appellants had no cars of their own in Johnson county except in one case where the employee's wife owned a car which had its tax situs in and was taxed in Johnson county; almost without exception the property in question was located in Johnson county every weekday evening, on every week-end, and on holidays.

The cases were consolidated by the trial court and were taken under advisement on the 6th day of July, 1954. The judgment of the court was rendered on the 16th day of July, 1954. The court ruled in each case that the property had its tax situs and was legally taxed in Johnson county in the year 1953 and recovery by appellants was denied.

Motions for new trial were timely filed in each case and in due course were overruled by the trial court. Notice of appeal was later filed in each instance and service was properly made on the opposition.

The specifications of error, which were identical in all three appeals, were that the court (1) erred in the judgment made and (2) erred in overruling appellant's motion for a new trial.

The question involved here is whether the automobiles owned by a nonresident corporation acquired such permanent situs in Johnson county as to entitle the taxing units therein to assess them and levy a tax thereon. This question covers both specifications of error.

Appellants contend the question, if answered in the affirmative, would create an unconstitutional situation of double taxation of tangible personal property by violation of the due process of law clause. That contention is not well founded. It will not be necessary to discuss at length the doctrine of *mobilia sequuunter personam* for the reason that all parties agree the doctrine is no longer conclusive in this type of dispute. The doctrine that, "Movables follow the [law of the] person," (Black's Law Dictionary, 4th ed., p. 1154; 58 C. J. S. 837) has been restricted by the legislatures and courts of the different states by reason of the increase in volume and variation in the character of personal property due to the broadening of commerce and industry. Actual or physical situs is more logical and proper for tax purposes than this fiction of the law because the state which furnishes the bulk of the protection to the property is thereby afforded its right to recover a share of the cost of the protection. Such reasoning is based upon the premise that power to tax is equivalent to the protection of the taxpayer's person and property. One criterion in determining the actual or physical situs for tax purposes is whether the property is in the state for a definite time or some considerable definite time, and whether it is there used in much the same manner as other property is used in the community. It is not an unusual situation for property to be taxed in more than one state at the same time (*Ray v. Board of County Comm'rs*, 173 Kan. 859, 252 P. 2d 899; 51 Am. Jur., Taxation, §§ 449, 450; 452, 453, 462) when it is otherwise taxable in a state where it is found. See, also, 84 C. J. S., Taxation, §§ 59, 110, 112, 114.

The automobiles of appellants cannot be said to be in Kansas temporarily because the stipulated facts and the oral argument of appellants before this court admitted that the cars were in Kansas every night, were here day and night over the week-ends and also on holidays. There were very few exceptions, if any, to this method of procedure. It does not take mathematical strategy to determine that these automobiles were located in Kansas far over fifty percent

of the time. They had at their disposal and for their protection and benefit the fire and police organizations, the streets, sidewalks, bridges, shopping facilities, and recreational places. (*Brock & Co. v. Board of Supervisors,* 8 Cal. 2d 286, 65 P. 2d 791, 110 A. L. R. 700, anno. 707-708.) We notice, also, in this annotation at page 709 that jurisdictions may conceivably assert a right to tax personal property. It is there stated:

"Three different jurisdictions, in the main, may conceivably assert a right to tax tangible personal property: (1) The domicil of the owner (a) where the property is permanently located elsewhere, or (b) is temporarily absent therefrom; (2) the actual situs of the property (a) where it is permanently located in the state, or (b) is temporarily absent therefrom; (3) jurisdiction wherein property is transiently present."

If the cars were in Kansas as transients, they would not be subject to tax, but every morning when an employee left his home in Johnson county, he and the appellants intended and expected the car to return that same evening and to be not only housed, but to receive all the protection, convenience, and maintenance of any other automobile whether it belonged to or was the personal property of a resident of Johnson county or the appellants. We should also like to add that appellants received an additional benefit to that extended to the employees who, with the consent and direction of appellants, were in possession of the automobiles. That consisted in appellants having free storage for the automobiles and an assurance of timely transportation of their employees to their place of employment in Missouri.

The word "transient" is defined in Black's Law Dictionary, 4th ed., p. 1670, as follows:

"Passing across, as from one thing or person to another; passing with time of short duration; not permanent; not lasting."

As a legal conclusion we are convinced that the tangible property involved herein was permanently in Johnson county and subject to taxation by the taxing units thereof. Appellants cite the case of *Honest v. Gann,* 120 Kan. 365, 244 Pac. 233, but that case dealt with intangible personal property in the form of notes and is not controlling here. The subject of tangible and intangible property, however, was discussed in many of the authorities cited therein and they were distinguished. Along this line see, also, *Curry v. McCanless,* 307 U. S. 357, 83 L. ed. 1339, 59 S. Ct. 900, 123 A. L. R. 162, 179.

No question was raised by the parties as to the taxing units

having power under our statutes to assess and levy taxes in Johnson county generally. The statutes were set out and fully discussed in our very recent case of *Ray v. Board of County Comm'rs,* supra. We do not deem it necessary to repeat what was there said. The applicable sections are G. S. 1949, 79-101; 79-301; 79-304; 79-314; 79-316. Other authorities are cited but it is not necessary to refer to all of them in view of what has already been said.

This court is not in any way trying to dictate to the appellants where they should keep or store their automobiles, but in view of our statutes and what has been said herein, the automobiles in question were in Johnson county, Kansas, before, on and after the first day of March, 1953. Therefore, under our statutes, they were subject to personal property taxes.

The judgment is affirmed.