No. 40,490

Sinclair Pipe Line Company, a Corporation, *Appellee*, v. State Commission of Revenue and Taxation; Roy N. McCue, Ira C. Watson, and John L. MacNair, as Members of and Composing Said Commission; Board of County Commissioners of the County of Montgomery; City of Independence, Kansas; Board of Education of the City of Independence of the State of Kansas, Also Known as School District No. 5 of Montgomery County, Kansas; A. M. Eckelberry, County Treasurer of Montgomery County, Kansas; and The State of Kansas, *Appellants*.

(311 P. 2d 342)

Opinion filed May 11, 1957.

*Michael A. Barbara,* of Topeka, and *Tom Crossan,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General; *Paul Wilson,* Assistant Attorney General; *Paul Hurd, Dean Burkhead, Joseph H. French,* all of Topeka, were with them on the briefs for the appellants.

*William Gough, Jr.,* of Independence, argued the cause, and *Harold Medill,* of Independence, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: The names of the parties in the court below appear in the title and will not be repeated. All parties defendant,

except the City of Independence and the Board of Education of such city who answered, appeal from orders overruling motions to quash service of summons and demurrers.

Identical statements of the facts relied on by appellants to sustain their respective positions are set forth in the combined abstract and their four separate briefs. They read:

"This action was brought by the appellee to recover taxes paid under protest. The appellee is assessed on its property in this state by the State Commission of Revenue and Taxation sitting as the State Board of Appraisers, pursuant to the provisions of G. S. 1949, 79-701, *et seq.* The appellee timely filed its ad valorem rendition for the year 1955 with the State Commission of Revenue and Taxation and subsequently appeared for a hearing before the State Board of Appraisers requesting that certain changes be made in the assessment of moneys and credits of the appellee. On June 15, 1955, the State Board of Appraisers denied the changes asked for by the appellee.

"When appellee's taxes became due and payable on November 1, 1955, a portion thereof was paid under protest to the County Treasurer of Montgomery County. The sufficiency of the protest is not questioned. Pursuant to the provisions of G. S. 1949, 79-2005, the appellee requested a hearing on said protest of taxes before the State Commission of Revenue and Taxation. Said hearing was had and the appellee was denied relief. Within thirty days after receipt of the order of the State Commission of Revenue and Taxation denying relief, the appellee brought this action in the District Court of Montgomery County, Kansas.

"The sole question before the court is one of jurisdiction of the District Court of Montgomery County, Kansas. The appellants claim that said court does not have jurisdiction of the parties nor of the subject matter because the Court does not have venue. The appellants contend that this action should have been brought in Shawnee County, Kansas. The Montgomery County District Court overruled appellants' motions to quash service and also overruled appellants' demurrers aimed at the jurisdiction of the court. These two rulings are the subject of this appeal."

A similar situation prevails with respect to appellate questions involved which are stated thus:

"(1) Did the District Court err in finding that it had jurisdiction of the appellants and of the subject matter under G. S. 1949, 60-503?

"(2) Did the District Court err in overruling the motion of appellants to quash service of summons?

"(3) Did the District Court err in overruling the demurrer of this appellant?"

With respect to questions raised by appellants it should be stated, at the outset, that our examination of the record discloses nothing to warrant the assumption, inherent in question 1, that the trial court, in making the rulings complained of, found that it had jurisdiction of the subject matter and the appellants under G. S. 1949,

60-503. For that reason, since it appears such question is based on an entirely erroneous concept as to the basis on which the involved orders were made, such question falls of its own weight and requires no further discussion. However, the remaining two questions do raise the jurisdictional question which, as appellants clearly point out in the third paragraph of their heretofore quoted factual statement, depends wholly on venue and is the sole issue involved.

In approaching the problem thus presented it is neither necessary nor required that we here labor the procedural steps under which, by virtue of the provisions of chapter 79, article 7, G. S. 1949, the taxes in question were assessed against the appellee and thereafter placed upon the tax rolls of Montgomery County to be collected as other taxes.

For purposes here pertinent it suffices to say all parties concede that having been so assessed and placed upon the tax rolls of such County the provisions of G. S. 1949, 79-2005, relating to payment of taxes to the County Treasurer under protest and proceedings for the recovery of taxes so paid became applicable; and that having paid such taxes under protest the appellee, under and by virtue of the terms and provisions of such statute, is now entitled to maintain an action for their recovery in some court of competent jurisdiction, based on that protest.

From what has been stated up to this point it becomes apparent the provisions of G. S. 1949, 79-2005 are highly important. Therefore portions thereof, some italicized for purposes of emphasis, having particular application under the existing facts and circumstances will be quoted. They read:

"Any taxpayer before protesting the payment of his taxes, shall be required at the time of paying said taxes, *to make and file a written statement with the county treasurer* . . . *The county treasurer shall disburse to the proper funds* all portions of taxes not so protested *and he shall impound in a separate fund all portions of such taxes which are so protested.* (2) Every taxpayer protesting the payment of taxes, within thirty days after filing his protest *shall either commence an action for the recovery thereof in some court of competent jurisdiction, or, file an application with the s'ate commission of revenue and taxation* for a hearing on the validity of such protest. Within ten days after the filing of such application, such taxpayer shall give notice of the same to the county treasurer by filing with him a true copy of the application filed with the commission. The *commission* shall fix a time and place for a hearing on such application *and shall notify such taxpayer, the county treasurer, and the clerk, secretary, or presiding officer of the governing body of any taxing unit affected by such protest of the time and place so fixed.* . . . At the time and place fixed for the hearing, the commission shall hear such applica-

tion and, *when it determines such protest, shall enter its order thereon and give notice of the same to the taxpayer, the county treasurer, and the clerk, secretary, or presiding officer of the governing body of the taxing unit affected by the protest by mailing to each a copy of its order.* Such order shall be made within ninety days after the completion of said hearing. If any taxpayer so protesting his taxes shall fail: (*a*) To file such application with the commission within the time hereinbefore prescribed and to give the county treasurer notice of the filing of such application with the commission within the time hereinbefore prescribed; or (*b*) to commence an action in some court of competent jurisdiction for the recovery of the taxes protested within the time herein prescribed; such protest shall become null and void and of no effect whatsoever and upon any such failure *the county treasurer shall disburse to the proper funds* all portions of such taxes protested. *No action shall be brought or maintainable in any court for the recovery of any taxes paid under protest unless the same is commenced within thirty days after the filing of such protest with the county treasurer, or in case application shall have been filed with the commission as hereinbefore set out, unless the same is commenced within thirty days after the date the commission mailed its order on such protest to such taxpayer. In the event no such action is commenced within such thirty-day period, the county treasurer shall,* as soon thereafter as reasonably practicable, *cause said impounded tax money to be refunded* to the taxpayer or distributed to the fund or taxing district properly entitled to receive the same, in accordance with the order of the commission issued thereon." (Emphasis supplied.)

From a careful analysis of the foregoing statute we are convinced, that where—as here—taxes are assessed against a taxpayer and are subsequently placed upon the tax rolls of a county to be collected as other taxes, such statute is to be construed as giving the taxpayer a statutory action for the recovery of those taxes, when paid under protest, which may be brought and maintained in the district court of the county in which the protested taxes are paid and impounded against the person charged with the duty and obligation of holding the money so paid in a separate fund until final determination of the action. This, we believe, has long been the construction placed upon the statute now under consideration. For just a few of our more recent decisions where a like construction has been recognized and applied see *Smith v. City of Prairie Village,* 175 Kan. 469, 264 P. 2d 1053; *Holmes v. Board of County Commissioners,* 175 Kan. 770, 267 P. 2d 523; *Rural High School District No. 3 v. Baker,* 176 Kan. 647, 272 P. 2d 1073; *Anderson v. Dunn,* 180 Kan. 811, 308 P. 2d 154; *V. S. Dicarlo Masonry Co. v. Higgins,* 178 Kan. 222, 284 P. 2d 640; *Chicago R. I. & Pac. Ry. Co. v. Ferguson,* 161 Kan. 562, 171 P. 2d 274.

It is interesting to note that, contrary to contentions advanced by

appellants, some of the foregoing decisions, likewise provisions of the involved statute (79-2005), recognize that the State Commission of Revenue and Taxation, as well as the taxing units to be affected by its determination, are proper parties to an action instituted, under the terms of such statute, to recover taxes paid under protest. This, we may add, is so because of a sound and salutary rule (See *Wolf River Drainage Dist. v. Nigus*, 133 Kan. 742, 3 P. 2d 650; *Shearer v. Murphy*, 63 Kan. 537, 66 Pac. 240) that political entities beneficially interested in taxes, and therefore interested in showing them to be valid, should be made parties in order that they may have notice and an opportunity to defend their interests in case they desire to do so.

Of equal interest is the fact, again contrary to appellants' contentions, that under our decisions (See *Kittredge v. Boyd*, 136 Kan. 691, 18 P. 2d 563, Rehearing Denied 137 Kan. 241, 20 P. 2d 811) a judicial proceeding to recover taxes paid under protest cannot be regarded as an action against the state.

With the statute (79-2005) construed, as heretofore indicated, venue is fixed by the provisions of G. S. 1949, 60-509 in the county in which the impounding official resides (See *State, ex rel., v. Miley*, 120 Kan. 321, 243 Pac. 262), not by the provisions of G. S. 1949, 60-503, *Second,* as appellants contend. It follows their position the trial court did not have jurisdiction of the parties nor of the subject matter, because it did not have venue, cannot be upheld.

Before leaving the point now under consideration it should be said that in reaching the conclusion just announced we have not attempted to here discuss or review the many arguments and decisions presented by appellants in support of their basic over-all position that the district court of Shawnee County, Kansas, not Montgomery County, has venue of the instant action under and by virtue of the provisions of G. S. 1949, 60-503, *Second.* It suffices to say we have carefully considered all such arguments, as well as the cited decisions, and find nothing in either the arguments or the decisions which warrants or requires a conclusion that, under the existing facts and circumstances, venue of an action to recover money paid for taxes under protest, instituted pursuant to the provisions of 79-2005, does not lie in the district court of the county in which the taxes were paid and are impounded.

Based on what has been heretofore stated and held we conclude that, except for the State of Kansas, the trial court's action, in overruling appellants' motions to quash service of summons based on

the jurisdictional grounds to which we have heretofore referred and portions of their demurrers relating to the same question, was proper and must be upheld.

The State is in a different position than the other appellants, but not because the trial court did not have venue. The rule is that the State, being a sovereign power, cannot be subjected to suits in its own courts without an express statutory waiver of its right of exemption therefrom. (See, e. g., *Purity Oats Co. v. State,* 125 Kan. 558, 264 Pac. 740.) There is no statutory waiver of such immunity. Therefore, since its motion included a jurisdictional challenge based on that premise such motion should have been sustained.

Notwithstanding the admissions of all the appellants, as set forth in their heretofore quoted statement of facts, which for purposes of emphasis we pause to again point out concede appellate issues involved are limited to questions of jurisdiction, the appellants A. M. Eckelberry, County Treasurer of Montgomery County, and The Board of County Commissioners of such County, argue the petition fails to state a cause of action against them, hence the second ground of their demurrers, based on that premise, should have been sustained. We are not inclined to prolong this opinion by laboring the point thus raised. Without detailing the petition it may be said that our examination of that pleading discloses its allegations, when accepted as true and given the benefit of all inferences to which they are entitled in ruling on the portions of the demurrers now under consideration, are sufficient to state a cause of action for the recovery of intangible taxes, paid under protest in conformity with the provisions of G. S. 1949, 79-2005, against the County Treasurer as the impounding tax official and the County as one of the taxing units entitled to a proportionate share (See G. S. 1949, 79-3115) of the involved taxes when collected.

Finally it should be said that what has been heretofore stated and held does not permit this court to pass upon the numerous questions raised by appellee in its brief relating to the merits of the cause. All we are now warranted in holding with respect to the issues here determined—as we do—is that under the facts, conditions and circumstances of record the trial court did not err, except as heretofore pointed out, in overruling the involved motions and demurrers.

The judgment is affirmed as to all appellants except the State of Kansas. As to that appellant it is reversed.